In re ML–LEE ACQUISITION FUND II, L.P. and ML–Lee Acquisition Fund (Retirement Accounts) II, L.P. Securities Litigation.

Civ. A. No. 92–60–JJF.

United States District Court, D. Delaware.

Aug. 5, 1994.

Pamela S. Tikellis, Carolyn D. Mack, and James C. Strum, of Chimicles Jacobsen & Tikellis, Wilmington, DE. Michael J. Freed, and Carol V. Gilden, of Much Shelist Freed Denenberg & Ament, Chicago, IL. William J. French, Robert L. Gegios, and Glen E. Lavy, of Gibbs Roper Loots & Williams, Milwaukee, WI. James S. Youngblood, of Atlanta, GA, for plaintiffs.

Kenneth J. Nachbar, of Morris Nichols Arsht & Tunnell, Wilmington, DE. James N. Benedict, Mark Holland, David J. Lewittes, Martin L. Seidel, Laura L. Icken, James F. Moyle, and Jeffrey N. Naness, of Rogers & Wells, New York City, for defendants Mezzanine Investments II, L.P., ML Fund Administrators, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc. d/b/a Merrill Lynch Capital Markets, ML Mezzanine II, Inc., Matthew D. Castagna, Warren C. Smith, Jr., Rosalie Y. Goldberg, Robert Miller, Frederick J.C. Butler, Kevin K. Albert, Jerome P. Greene, and J. Huston McCullough II.

Stephen E. Herrmann, of Richards Layton & Finger, Wilmington, DE. Sanford F. Remz and Richard S. Nicholson, of Hutchins Wheeler & Dittmar, Boston, MA, for defen-

dants Thomas H. Lee Co., T.H. Lee Mezzanine II, Thomas H. Lee Advisors II, L.P., and Thomas H. Lee.

Michael D. Goldman, and Stephen C. Norman, of Potter Anderson & Corroon, Wilmington, DE. John D. Donovan, Jr., and Michael K. Fee, of Ropes & Gray, Boston, MA, for defendants ML Lee Acquisition Fund II, L.P., ML Lee Acquisition Fund (Retirement Accounts) II, L.P., Vernon R. Alden, Joseph L. Bower, and Stanley H. Feldberg.

David C. McBride, of Young Conaway Stargatt & Taylor, Wilmington, DE. Brackett B. Denniston, III, J. Anthony Downs, and Todd Hahn, of Goodwin Procter & Hoar, Boston, MA, for defendant Hutchins Wheeler & Dittmar.

## MEMORANDUM OPINION

FARNAN, District Judge.

## I. INTRODUCTION

Presently before the Court is Plaintiffs' Motion to Effectuate the Court's Order Dated March 30, 1994 [sic] (D.I. 417). On July 16, 1993, Plaintiffs filed a Motion to Compel Defendants to Disclose Requested Evidence Improperly Withheld on the Ground of Attorney–Client Privilege. The basis of Plaintiffs' motion was that the Defendants waived the right to assert the privilege by stating during depositions that they took or failed to take certain actions based upon the advice of counsel.

In an Opinion and Order issued on March 31, 1994, the Court denied Plaintiffs' motion, finding that it was not sufficiently clear that Defendants were raising a reliance on the advice of counsel defense. However, the Court stated that if the "Court determines that Defendants are using the privilege as a shield to liability, or if Defendants subsequently raise a reliance on counsel defense, the Court will order Defendants to produce the requested discovery."

Plaintiffs now contend that Defendants, in answering Plaintiffs' Revised Second Consoli-

dated Amended Complaint, have raised a reliance on the advice of counsel defense, thereby waiving the attorney-client privilege as to communications related to counsel's advice. Because the Court finds that Defendants have waived the attorney-client privilege with respect to limited areas, the Court has, by Order dated August 3, 1994, ordered Defendants to produce previously withheld communications. The Defendants shall produce those communications in accordance with this Memorandum Opinion.[1]

## II. DISCUSSION

■ Communications between a client and his attorney made for the purpose of seeking professional advice are generally privileged from disclosure. The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interest in the observance of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). However, it is equally well-established that a client may, in certain circumstances, intentionally or unintentionally waive his privilege. A client may waive the privilege by disclosure of some privileged communication, *Barr Marine Products Co. v. Borg–Warner Corp.,* 84 F.R.D. 631, 635 (E.D.Pa.1979), or by asserting reliance upon the advice of counsel as an essential element of his defense. *In re Sunrise Sec. Litig.,* 130 F.R.D. 560, 570 (E.D.Pa.1989); *Remington Arms Co. v. Liberty Mut. Ins. Co.,* 142 F.R.D. 408, 411–16 (D.Del.1992) (discussing implied waiver resulting from placing attorney-client communications "at issue").

■ In answering Plaintiffs' Revised Second Consolidated Amended Complaint, the Lee Defendants specifically denied that the Lee Defendants recklessly disregarded the requirements of the 1940 Act, stating "they believed in good faith that the Hills transaction was lawful, in reliance upon advice of counsel concerning the definition of control

1. As the parties are aware, this Memorandum Opinion addresses the Defendants' Answer to the now struck Revised Second Consolidated Amended Complaint. Nonetheless, the rationale contained herein is equally applicable to future pleadings.

under the 1940 Act and as set forth in the Minutes of the Meeting of the Individual Partners and Managing General Partner on March 9, 1990, at page 4." Answer of Defendants Thomas H. Lee Advisors II, L.P., T.H. Lee Mezzanine II, Thomas H. Lee Company and Thomas H. Lee to Plaintiffs' Revised Second Consolidated Amended Complaint ("Lee Defendants' Answer"), at ¶ 19. The Lee Defendants further specifically denied they recklessly disregarded the requirements of the 1940 Act as it applied to Fund II's Petco follow-on investments, stating "they believed in good faith that the Petco transactions challenged in the Complaint were lawful, with respect to the Petco follow-on investments, in reliance upon review of the transactions by counsel with respect to the requirements of Section 57 of the 1940 Act." Lee Defendants' Answer, at ¶ 124. The Lee Defendants responded similarly to Plaintiffs' allegations with regard to the Funds' purchase of Stanley stock, and the option by Funds to SHC to purchase the Stanley preferred stock. At paragraph 28, the Lee Defendants state:

> Admit that on July 5, 1991, the Funds and SHC each purchased approximately 1,200,-000 shares of 10% preferred stock of Stanley and the Funds sold an option to SHC for $26,183 to purchase the preferred stock acquired in the transaction; otherwise, deny; and specifically deny that the Lee Defendants recklessly disregarded the requirements of the 1940 Act, in that they believed in the good faith that the Stanley transactions were lawful, in reliance upon review of the transactions by counsel with respect to the requirements of Section 57 of the 1940 Act.

Defendant Hutchins, Wheeler & Dittmar ("Hutchins & Wheeler") adopts the answers of the Lee Defendants with regard to paragraphs 13–28. Thus, Hutchins & Wheeler has waived the attorney-client privilege to the same extent that the Lee Defendants have waived the attorney-client privilege on the grounds of the Lee Defendants assertions of a reliance on the advice of counsel defense.

The Merrill Lynch Defendants likewise assert in their answers that they justifiably relied upon the advice of Funds' counsel that the Hills transaction was properly approved. *See* Answers of Mezzanine Investments II, L.P., ML Fund Administrators, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Inc., ML Mezzanine II, Inc., Castagna, McCollough, Albert, Miller, Goldberg, and Smith, at ¶ 316. The Merrill Lynch Defendants assert this same reliance as their Seventeenth Affirmative Defense. Merrill Lynch Defendants' Answer, at 56.

Plaintiffs contend that Defendants, by pleading in their answers reliance on the advice of counsel regarding whether certain transactions complied with the Investment Company Act, have waived any privilege that may otherwise apply. Plaintiffs, therefore, seek to compel Defendants to produce all "documents previously withheld under claim of privilege, relating to the Hills, Petco, and Stanley transactions or to the requirements of the 1940 Act."

The Lee Defendants respond by first denying that they have raised a reliance on the advice of counsel defense. The Lee Defendants assert that they have raised the "act" of consulting counsel to rebut Plaintiffs' allegations of acting in reckless disregard of the requirements of the 1940 Act, as opposed to relying upon any substantive advice received from counsel. The Court is unpersuaded by the Lee Defendants' distinction. Even if the Lee Defendants intend only to rely on the act of seeking advice from counsel to show they behaved in good faith, Plaintiffs are entitled to test the validity and sincerity of that action. In order for Plaintiffs to have a fair and adequate opportunity to test and rebut Defendants' allegations that they sought advice from counsel, Plaintiffs are entitled to know, for example, whether the Lee Defendants disclosed all material facts to counsel, whether counsel gave an otherwise well-informed opinion, did the Lee Defendants follow the advice from counsel. *See Synalloy Corp. v. Gray*, 142 F.R.D. 266, 269 (D.Del. 1992).

The Lee Defendants also argue that their simple denials of Plaintiffs' allegations as to Defendants' "reckless disregard" of the requirements of the Investment Company Act, without revealing any substantive communi-

cations are not sufficient to waive the attorney-client privilege with respect to the advice rendered by counsel. The Lee Defendants cite a number of authorities to support this proposition. *See, e.g., Buford v. Holladay,* 133 F.R.D. 487, 497 (S.D.Miss.1990); *In re Consolidated Litigation Concerning Int'l Harvester's Disposition of Wis. Steel,* 666 F.Supp. 1148, 1151 (N.D.Ill.1987). The Court will assume, without deciding, that the Lee Defendants are correct that simply denying allegations of reckless conduct, or generally asserting reliance on counsel is not sufficient to waive the attorney-client privilege. Nonetheless, the Court does not agree that the Lee Defendants' denials are simple, or lack substantive content. For example, with regard to the Funds' investment in Hills, the Lee Defendants specifically state that they relied on the advice of counsel "concerning the definition of control under the 1940 Act." The Merrill Lynch Defendants' responses similarly reach beyond simply denying reckless conduct. For example, the Merrill Lynch Defendants assert that they relied on advice of counsel that the Investment Company Act requirements were met with regard to having a majority of disinterested directors approve the Hills transaction.

After reviewing the Lee Defendants' and the Merrill Lynch Defendants' answers to Plaintiffs' Revised Second Consolidated Amended Complaint, the Court is convinced that Defendants have raised reliance on the advice of counsel as a defense to Plaintiffs' allegations that Defendants recklessly disregarded the requirements of the Investment Company Act, and by doing so, have waived the attorney-client privilege. Thus, fairness requires Defendants to produce those communications upon which it has relied to as-

sert its good faith based on the advice of counsel.

■ However, this does not end the Court's inquiry with regard to Plaintiffs' motion to compel. There is substantial disagreement among the parties as to the scope of Defendants' waiver. Plaintiffs contend that by asserting reliance on the advice of counsel as to the applicability of certain requirements of the Investment Company Act to certain transactions, Defendants have waived the attorney-client privilege with respect to all communications related to the Hills, Petco or Stanley transactions, or to the Investment Company Act. Defendants, not surprisingly, argue for a more limited waiver, limited to the specific communications upon which Defendants have asserted reliance.

■ In determining the scope of Defendants' waiver, and thus the scope of the required disclosure of otherwise privileged communications, the Court must consider two competing policies. On the one hand, the Court must consider the policies that underlie federal discovery rules—the full production of relevant evidence in the interest of the search for truth. On the other hand, the Court must consider the policy that serves as the basis for the attorney-client privilege—to encourage clients to make full disclosure to their attorneys without fear of later compelled disclosure. *See Upjohn,* 449 U.S. at 389, 101 S.Ct. at 682.

The Court finds the competing policies of full, fair and complete discovery, and promoting full and complete consultation between clients and their legal advisers will be best served by limiting Defendants' waiver to the specific areas pled in Defendants' answers.[2] Defendants' assertions as to Defendants' reliance on counsel were very specific and very narrow. Therefore, the Defendants are com-

2. Plaintiffs contend that they are entitled to all discovery being withheld that relates to the Hills, Petco and Stanley transactions, or the requirements of the Investment Company Act, because of the fiduciary relationship between the Defendants and the beneficiaries of the Funds, i.e. the limited partners or the Plaintiff class. Applying a theory which originated in the ERISA context, Plaintiffs assert that as fiduciaries, Defendants cannot withhold information as privileged as against the limited partners. The Court has considered a similar argument in resolving Plaintiffs'

July 16 Motion to Compel. The Court finds the question of what protection to afford to attorney-client communications as against limited partners is best answered by resort to the principles announced in *Garner v. Wolfinbarger,* 430 F.2d 1093 (5th Cir.1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323 (1971). As the Court has previously considered and resolved the issue of the applicability of the attorney-client privilege with regard to the limited partner Plaintiffs, the Court will not address it again here.

pelled to produce only those communications relating to the specific areas which Defendants have asserted reliance on the advice of counsel.

Specifically, the Lee Defendants, and Hutchins and Wheeler shall produce any attorney-client communications previously withheld that relate to (1) the definition of control under the Investment Company Act as it applies to the Hills transaction, (2) whether the Funds' acquisition of the Stanley securities and sale of an option to SHC for those securities complied with the Investment Company Act, and (3) whether the Funds' follow-on investments in Petco complied with the Investment Company Act.

The Merrill Lynch Defendants, and Hutchins and Wheeler shall produce any attorney-client communications previously withheld that relate to (1) Merrill Lynch's approval of the Funds' investments in Petco Bridge Notes and Stanley, (2) whether the Hills transaction was properly approved by a majority of financially disinterested directors as required by the Investment Company Act.[3]

### III. *CONCLUSION*

Because the Court finds that Defendants have raised a reliance on the advice of counsel defense, thereby voluntarily injecting into this case the substance of certain attorney-client communications, Defendants shall produce to Plaintiffs those communications, previously withheld that relate to the areas delineated above.

---

**3.** Merrill Lynch represents that there are no additional documents which are required to be produced. Merrill Lynch shall endeavor to make an additional good faith search for attorney-client communications described above and which the Court now orders Merrill Lynch to produce.